AO 91 (Rev. 08/09)   Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

FILED by _____ D.C.

NOV 1 0 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Charles Morris | ) | Case No.  12-*8438*-JMH |
| | ) | |
| | ) | |
| _____ | ) | |
| Defendant(s) | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ November 10, 2012 _____ in the county of _____ Palm Beach _____ in the _____ Southern _____ District of _____ Florida _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841 | Possession with Intent to Distribute a Controlled Substance |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

*Signed telephonically*
*11/10/12  2:37 p.m.*

_____
*Complainant's signature*

Paul Bruno, Task Force Officer (FBI)
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____ 11/10/2012 _____

_____
*Judge's signature*

City and state:   WEST PALM BEACH, FLORIDA          JAMES M. HOPKINS, U.S. MAGISTRATE JUDGE
*Printed name and title*

<u>A F F I D A V I T</u>

I, Paul Bruno, being duly sworn on oath, deposes and states as follows:

1. I am a Task Force Agent with the Federal Bureau of Investigation ("FBI") in Palm Beach, Florida, and have been so assigned since October, 2008. I am currently employed by the Jupiter Police Department assigned to the FBI Safe Streets Task Force and my responsibilities include the investigation of felonies involving narcotics.

2.   All of the information contained in this affidavit is the result of my own investigation, or has been provided to me by other law enforcement sources, whom I believe to be reliable.

3. This affidavit is being submitted for the purpose of establishing probable cause that Charles MORRIS, who did knowingly possess with intent to distribute heroin in violation of Title 21, United States Code, Section 841.   Because this affidavit is being submitted for the limited purposes of establishing probable cause for an arrest, it does not include each and every fact known to me regarding this investigation.

4. On November 10, 2012 your Affiant responded to the Jupiter Police Department after receiving notification that Charles MORRIS, hereinafter MORRIS, had been placed into custody subsequent to a traffic stop whereas approximately 438 grams of heroin was seized from the vehicle.   Upon arrival at the Jupiter Police Department, your Affiant met with the Officer who made the traffic stop.

5. While conducting patrol on November 10, 2012 at approximately 3:09am, the Officer observed a green Chevrolet bearing Florida tag: 640HUJ traveling in the westbound lanes of Indiantown Road near Central Boulevard.   The Officer observed that the vehicle had an inoperable tag light and a records check of the license plate indicated the registered owner to have a suspended driver's license.   The Officer also observed the vehicle to have heavily tinted windows and the occupants could not be observed. Based on the Officer's observed traffic violation, the Officer initiated a traffic stop on the vehicle by activating blue lights and siren.   The vehicle did not make immediate efforts to pull over and continued onto the southbound onramp to I-95 where it came to a stop. The driver of the vehicle was identified as MORRIS and passenger as Alica DUNMORE.

MORRIS immediately informed the Officer that MORRIS had a suspended driver's license.

6. The Officer conducted a computer check of the occupants that resulted in a possible Failure to Appear warrant for MORRIS from the State of Texas.   The Officer approached and opened the driver side door where MORRIS was seated and observed a clear plastic bag with a knot tied at the top containing a small white substance. The bag was observed in the space directly below the radio in the vehicle.   The Officer believed based on his training and experience that the bag contained a controlled substance.   The Officer placed MORRIS into custody for the warrant, and minutes later learned that the State of Texas would not confirm extradition for the warrant.   MORRIS was subsequently released from custody.   Upon removing the handcuffs and explaining the warrant information to MORRIS, the Officer asked MORRIS' permission to search the vehicle. MORRIS responded "go ahead" at which time a consensual search was conducted.

7. As the passenger DUMORE was getting out of the vehicle, the Officer noticed she was sitting on a light colored mixed rock or sand like substance.  DUNMORE stated that it was sand that she had in her shoe from going to the beach earlier.

8. A further search revealed a small ripped plastic bag next to the passenger's seat. Behind the driver's seat was a ripped paper bag with a ripped plastic bag inside.  The entire rear driver's side floorboard was completely covered in an off-white substance that was consistent with the substance found on DUNMORE's seat.

9. The Officer field tested the contents of the bag under the radio.  The contents reacted positively for the presence of heroin.   The Officer also field tested the substance located on the passenger side of the vehicle, the substance in the two ripped bags, and some of the substance found on the floorboards.   All also field tested positive for the presence of heroin.

10. The total weight of all the heroin recovered from the vehicle was approximately 435 grams.

11. MORRIS was taken to the Jupiter Police Department and read his Miranda warnings.

In a written post-Miranda statement, he admitted to ownership of the drugs in the car.

12. Based on the foregoing, I have probable cause to believe that MORRIS knowingly and

intentionally possessed with intent to distribute a controlled substance, to wit, a mixture

or substance containing a detectable amount of heroin, in violation of Title 21, United

States Code, Section 841.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

sworn telephonically
11/10/13 2:47 pm

Paul Bruno

Task Force Officer

Federal Bureau of Investigation

Sworn and subscribed before me this

___ day of _____ 2011.

*James M. Hopkins*

JAMES M. HOPKINS

UNITED STATES MAGISTRATE JUDGE